**YAN LIN, Petitioner,**

v.

**U.S. ATTORNEY GENERAL, Respondent.**

**No. 05–4021–ag.**

United States Court of Appeals, Second Circuit.

Oct. 20, 2006.

Gang Zhou, New York, NY, for Petitioner.

Roslynn R. Mauskopf, United States Attorney, Susan Corkery, Daniel A. Spector, Assistant United States Attorneys, Brooklyn, NY, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. JOSEPH M. McLAUGHLIN, Hon. CHESTER J. STRAUB, Circuit Judges.

### SUMMARY ORDER

Yan Lin, a native and citizen of China, seeks review of a July 12, 2005 order of the BIA affirming the March 8, 2004 decision of immigration judge ("IJ") Alan Vomacka denying Lin's applications for asylum, withholding of removal, and relief under the Convention Against Torture. *In re Yan Lin*, No. A96 021 553 (B.I.A. July 12, 2005), *aff'g* No. A96 021 553 (Immig. Ct. N.Y. City March 8, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA affirms the IJ's decision in all respects but one, this Court reviews the IJ's decision as modified by the BIA decision, i.e., "minus the single argument for denying relief that was rejected by the BIA." *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d

Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 158 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

The IJ found Lin not to be credible. JA at 48 (IJ Decision). However, the BIA rejected that finding. JA at 2 (BIA Order). The BIA affirmed the IJ's findings that Lin's "story is insufficiently clear and insufficiently corroborated." *Id.* Our review is limited to the two grounds for relief relied on by the BIA.

Vagueness of an applicant's testimony may be an independent basis for denying a claim irrespective of credibility, but only where the testimony does not identify facts corresponding to each of the elements on which the applicant has the burden of proof. *See Jin Chen v. U.S. Dep't of Justice,* 426 F.3d 104, 114 (2d Cir.2005); *Jin Shui Qiu v. Ashcroft,* 329 F.3d 140, 151 (2d Cir.2003).

■ Here, Lin testified that he began practicing Falun Gong in September 2002, that public security officials discovered this in October 2002, and that the security officials wanted to arrest him because he was illegally practicing Falun Gong. He testified that he was unwilling to return to

China because he feared that the officials were still trying to find him in order to arrest him. In the absence of any determination regarding the credibility of Lin's statements, he appears to have testified to the basic elements of an asylum claim: he has a fear of future persecution by Chinese public security forces on account of his practice of Falun Gong, a spiritual movement banned by the Chinese government. The BIA's finding that Lin's testimony was insufficiently clear is thus unsupported by the record as a whole.

■ The IJ also found, and the BIA affirmed, that Lin failed to sufficiently corroborate his claims. Before denying a claim solely because of an applicant's failure to provide corroborating evidence, the agency must "explain specifically, either in its decision or otherwise in the record: (1) why it is reasonable under the BIA's standards to expect such corroboration; and (2) why [the applicant's] proffered explanations for the lack of such corroboration are insufficient." *Diallo v. INS,* 232 F.3d 279, 290 (2d Cir.2000). Whereas this analysis is not required when the IJ's corroboration concerns are tied to an adverse credibility determination, *see Xiao Ji Chen,* 434 F.3d at 164, the agency has "no leeway" to deny an otherwise credible asylum application solely for want of corroborative evidence without first carrying out these two steps. *Jin Shui Qiu,* 329 F.3d at 153; *see also id.* at 154 n. 11 (expressing uncertainty over whether lack of corroboration can *ever* be the sole basis for denying an otherwise credible asylum application).

In this case, the IJ faulted Lin for failing to produce documentary evidence indicating that the police had been seeking his arrest in China, such as an arrest warrant or a letter from the security officials to Lin's parents. During cross examination, the Government's trial attorney asked Lin whether a warrant for his arrest had been

issued in China, and Lin responded that he did not know. He stated that his parents did not tell him whether there was an arrest warrant out for him in China. Lin gave no further testimony on the subject of arrest warrants. Because there is no evidence in the record indicating that an arrest warrant existed, and the IJ gave no explanation as to why it would be reasonable to expect that public security officers would have sent a written document to Lin's parents notifying them of their intent to arrest their son, the IJ was not reasonable in requiring this piece of corroborating evidence. *See Diallo*, 232 F.3d at 290.

■ Next, the IJ faulted Lin for failing to produce evidence linking him to the names of his family members who wrote letters in support of his claim. Lin admitted that his family had a household registration, of which they could have mailed a copy to him in the United States. He stated that he did not know why his parents had never mailed it to him. He also admitted that he had a notarial birth certificate, and his attorney stipulated that such certificates generally indicate the name of the bearer's parents and his place of birth. Because Lin admitted that such documentation of his family connections existed, and could not provide a concrete explanation as to why he did not have it, the IJ was reasonable in faulting him for his lack of the documentation. *See id.*

The agency's determination that Lin's testimony was insufficiently clear and its finding that his failure to produce written evidence corroborating his claim that Chinese officials were seeking his arrest are not supported by substantial evidence in the record. It cannot be confidently predicted that the agency would determine that his claim was insufficiently corroborated and therefore fatally weak based solely upon his failure to provide documentation of the names of his family members.

*See Cao He Lin,* 428 F.3d at 406; *Xiao Ji Chen,* 434 F.3d at 158. The agency's denial of relief was thus inappropriate, and the case is remanded for consideration of whether Lin established his eligibility for asylum, withholding of removal, and relief under the CAT.

For the foregoing reasons, the petition for review is GRANTED, the BIA's order is VACATED, and the case is REMANDED to the BIA for further proceedings consistent with this order.